Michaël Fischer, SBN 202543
mfischer@mckassonklein.com
Brook John Changala, SBN 245079
bchangala@mckassonklein.com
**MCKASSON & KLEIN LLP**
2211 Michelson Drive, Suite 320
Irvine, CA 92612
Tel:  (949) 724-0200
Fax: (949) 724-0201

**Attorneys for:** Defendants Venkatesan Thirugnanam, Senthil Sundaresan, Augment Technology Solutions Pvt. Ltd., and Augment Technology Solutions, LLC d/b/a ATS Health Care

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENWOOD SYSTEMS, LLC, | Case No. 2:10-cv-08910-CAS (AJWx) |
| Plaintiff, | The Honorable Christina A. Snyder |
| vs. | **DEFENDANTS' OPPOSITION TO GLENWOOD'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE OPINIONS OF DEFENSE EXPERT KIM JOSEPH ONISKO** |
| VENKATESAN THIRUGNANAM, SENTHIL SUNDERESAN, AUGMENT TECHNOLOGY SOLUTIONS PVT. LTD., AND AUGMENT TECHNOLOGY SOLUTIONS, LLC d/b/a ATS HEALTH CARE, | Pre-Trial Conference:  May 21st 2012<br>Time:  11:00 a.m.<br>Courtroom:  5 |
| Defendants. | Complaint Filed:  March 11th 2010<br>Trial Date:  June 5th 2012 |

**I. INTRODUCTION**

Plaintiff's Motion *in Limine* No. 1 appears to make three arguments to exclude the testimony of Defendants' rebuttal damages expert, Kim Onisko, whose rebuttal report presented seven separate bases why Plaintiff's expert (George Miller) erred in his expert report. First, Plaintiff challenges Mr. Onisko's bases #1 & #4 on the grounds that these constitute issues that should be left to the jury. Motion at 5:1-6:8. However, Mr. Onisko's opinions are allowed to encompass ultimate issues (F.R.E.

-1-
**OPPOSITION TO MOTION *IN LIMINE* NO. 1 TO EXCLUDE OPINIONS OF KIM ONISKO**

704(a)) and, further, each is helpful to the trier of fact and thus admissible as expert testimony.

Second, Plaintiff challenges Mr. Onisko's basis #7 on the grounds that it fails the *Daubert* scrutiny. Motion at 6:9-7:19. However, the *Daubert* analysis is more than satisfied by Mr. Onisko's status as a rebuttal expert, his methodology in this instance, as well as his twenty-three years as an economic expert, his approximately twenty-eight state and federal case testimonies, his numerous accreditations, his knowledge of the medical finances field, and the independent research he did to confirm basis #7.

Finally, Plaintiff seeks to exclude any testimony from Mr. Onisko regarding Defendants' profits, profit margins, compensation, or variable costs. Motion at 4:8-16. This is a wasted effort as Defendants never asked Mr. Onisko to provide an opinion on these topics.

## II. BRIEF STATEMENT OF FACTS

### A. Background

In this litigation, Plaintiff, a national medical billing company based in Connecticut, brings suit against two software engineers based on these individuals' formation of Augment Technology Solutions, LLC ("Augment LLC"), a California business which Plaintiff claims competed unfairly against it.

### B. Plaintiff's Expert and Defendants' Rebuttal Expert

On December 5th 2011, Plaintiff disclosed its damages expert, George Miller. Fischer Dec. at ¶ 3 and Exh. A thereto. On February 13th 2012, Defendants responded by submitting the expert report of Mr. Onisko as their rebuttal expert regarding damages. Fischer Dec. at ¶ 4 and Exh. B thereto ("Onisko Rebuttal Report").

As Mr. Onisko's *curriculum vitae* demonstrates, he has been an economic expert for the past twenty-three years, has provided expert testimony in approximately twenty-eight state and federal cases, and is a Certified Public Accountant, Certified

-2-

Forensic Accountant, is Accredited in Business Valuations, and is Certified in Financial Forensics. Onisko Rebuttal Report at Appendix B and C. As further established by his deposition transcript, Mr. Onisko has twenty years of experience and knowledge in the medical finances field, having done everything from accounting system set-ups, reconciliation of medical billings, audits of bills, and day-to-day accountings for medical practices and companies. Fischer Dec. at ¶ 5 and Exh. C thereto (Onisko deposition trans. at 43:13-44:4 and 41:19-42:24).

Mr. Onisko's report contains one primary opinion:

> If it is determined that damages are owed to Plaintiff, the report of Mr. Miller should be disregarded due to basic flaws in its methodology.
>
> Among other things, the dates used for assessing damages are incorrect; adjustments were not made to sales forecasts for matters such as major client losses, adjustments within territories of assignments, elimination of salesmen, allocation of resources, and closure of offices; the variable costs represented have no basis other than the representation of the Plaintiff; and the analysis makes a false comparison to other Glenwood salesmen.

Onisko Rebuttal Report at p. 2.

This primary opinion is then supported by seven separate bases (the majority of which are themselves expanded upon in some depth). These were:

> 1. It appears that no client lists, technology, trade secrets or proprietary materials were taken by Venky and Senthil to their new company, Augment. Affidavits by various doctors also suggest that Venky and Senthil kept their Augment business separate from that of Glenwood. In addition, it appears that Augment used a common, off the shelf, medical billing program, Kareo, to conduct their business;
>
> 2. It appears no efforts were made to verify financial data given by Glenwood to Mr. Miller;
>
> 3. Dates used for assessing damages are incorrect;
>
> 4. Glenwood ignored their obligation to mitigate damages by not timely hiring replacements for Venky and Senthil so damages calculated in their territories after November 2008 are flawed;
>
> 5. Sales forecasts for damages did not account for important information.
>
> 6. Sales forecasts for comparison of the various sales territories do not account for differences in territory size or allocation of resources to territories; and

7. The report uses a variable cost percentage of 30%.

Onisko Rebuttal Report at pp. 2-5.

Mr. Onisko's Rebuttal Report is based not only on his twenty-three years as an expert in the field, his twenty years of experience with medical finances, and his considerable schooling and accreditations, but also on the specific data and sources he cites throughout the Report.

## III. LEGAL ARGUMENT

### A. Mr. Onisko May Offer Opinions that Encompass Ultimate Issues

Plaintiff's argument that Mr. Onisko's testimony regarding bases #1 (confidential property) and #4 (Plaintiff's failure to hire replacements) should be excluded because it includes opinions related to some ultimate issues is a non-starter.

"An opinion is not objectionable just because it embraces an ultimate issue." F.R.E. 704(a). In fact, Plaintiff's own Motion (at 6:19-21) cites a case that holds "[i]t is well-established, however, that expert testimony concerning an ultimate issue is not *per se* improper." Elsayed Mukhtar v. California State Univ., 299 F.3d 1053, 1066 fn. 10 (9th Cir. 2002).

Glenwood also raises a prior Order of this Court, Stephen Arthur Dubose v. County of Los Angeles, 2012 U.S. Dist. LEXIS 41287, wherein the Court excluded one of several expert opinions, finding an opinion that a prison guard used "reasonable force" in subduing an inmate was a question of fact such that an expert opinion would not be helpful. Case No. 2:09-cv-07832-CAS-AJW, Document Numbers 88 & 183.

The instant case, however, is distinguishable. Mr. Onisko will opine in his function as a *rebuttal* expert as it relates to his bases #1 and #4. As such, he will point to specific data and relevant support to show that Mr. Miller: 1) has improperly presumed Defendants took trade secrets and proprietary information; and 2) has failed to properly factor into his calculations damages resulting from Plaintiff's failure to hire replacements for Defendants after they resigned. This analysis is very much

Mr. Onisko's job as a rebuttal expert: to identify and articulate specific errors in Mr. Miller's assumptions and methodology. Further, while these inquiries are certainly fact-driven, they require specialized knowledge and experience to determine, and thus an expert opinion would be very helpful to the trier of fact. This is not a mere application of the "reasonableness of force" standard to a given set of facts.

### B. Mr. Onisko's Basis #7 Is Proper and Supported by Reliable Data

Plaintiff would next exclude basis #7 for Mr. Onisko's overall opinion based on *Daubert* principles. Motion at 6:9-7:19.

Basis # 7 faults Mr. Miller for assuming in his report that Plaintiff has a variable cost percentage of 30%, meaning a 70% profit margin. Further, this basis has two subparts (each with its own discussion): the first criticizing Mr. Miller for failing to independently verify Plaintiff's representation of its alleged cost percentage; and the second criticizing Mr. Miller's report as similar companies in the medical billing industry have far higher cost percentages. Onisko Rebuttal Report at p. 4-5.

Mr. Onisko's duty, again as a *rebuttal* expert, is precisely to point out errors in Mr. Miller's report and opinions. In this case, that is what Mr. Onisko does. Mr. Miller has taken it as a given that Plaintiff's profit margin is 70%, an astounding rate of return in any industry. To test this significant assumption, Mr. Onisko examined Plaintiff's financial records as produced by Mr. Miller, looked at two similar companies in the medical billing field, and analyzed the opinion of medical billing industry Lamar Blount as well as Mr. Blount's and Mr. Miller's deposition transcripts. See Fischer Dec. at ¶¶ 4 & 5 (Onisko Expert Report at Appendix A and Onisko deposition trans. at 26:14-28:18; 82:18-83:5; 83:25-85:7; 90:14-16; and 92:8-21).

From that point, Mr. Onisko then critically evaluated Mr. Miller's 30% cost figure. He did so through the application of his twenty-plus years of experience in both the accounting field and in the field of medical finances, his numerous economics accreditations, and his considerable schooling. Thus, Mr. Onisko's basis #7 more than satisfies the basic *Daubert* threshold requirements for admissibility. Moreover,

exclusion of the evidence would prejudice Defendants' right to rebut Mr. Miller's testimony by identifying substantial flaws in his stated opinions and report.[1]

### C. Plaintiff Does Not Challenge Bases 2, 3, 5 & 6

Although Plaintiff seeks to dismiss Mr. Onisko's Rebuttal Report and testimony *in toto*, its Motion only articulates grounds for exclusion of bases 1, 4 & 7 (see, *e.g.*, Motion at iii:11-16). Therefore, the remaining independent bases for Mr. Onisko's conclusions, at a minimum, should be permitted.

### D. Defendants Have Not Sought Mr. Onisko's Opinions Regarding Their Profits, Costs or Compensation

Lastly, Plaintiff seeks to exclude any testimony from Mr. Onisko regarding Defendants' specific profits, profit margins, compensation, or variable costs. Motion at 4:8-16. This is a wasted effort as Defendants never asked Mr. Onisko to provide an opinion on these topics, nor does he do so in his Rebuttal Report. Instead, Defendants and other witnesses will testify to these matters at trial.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion *in Limine* No. 1 be denied in its entirety.

Date: April 30, 2012

*/s/ Michaël Fischer*
Michaël Fischer
Brook John Changala
**MCKASSON & KLEIN LLP**
Attorneys for Defendants Venkatesan Thirugnanam, Senthil Sundaresan, Augment Technology Solutions Pvt. Ltd., and Augment Technology Solutions, LLC d/b/a ATS Health Care

---

[1] Additionally, Plaintiff can cross-examine Mr. Onisko at trial to elicit any evidence that Mr. Onisko's methodology or reasoning was incorrect: "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert v. Merrel Dow Pharm, Inc., 509 U.S. 579, 595 (1993); F.R.E. 702 Advisory Committee Notes (2000) ("[after *Daubert*], the rejection of expert testimony is the exception rather than the rule. . . . the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system").

**OPPOSITION TO MOTION *IN LIMINE* NO. 1 TO EXCLUDE OPINIONS OF KIM ONISKO**

# CERTIFICATE OF SERVICE

USDC
Case No. 2:10-cv-08910-CAS (AJWx)

I, Michaël Fischer, hereby certify and declare as follows:

1. I am over the age of 18 and not a party to this action.

2. I am a citizen of the United States and employed in Orange County, California. My business address is 2211 Michelson Drive, Suite 320, Irvine, California 92612.

3. I am readily familiar with this firm's practice with respect to the collection and processing of pleadings, discovery documents, motions and all other documents which must be served upon opposing parties or other counsel in litigation.

4. On April 30, 2012, I served by electronically filing in accordance with CM/ECF procedures, the rules governing the electronic filing and subsequent service of documents in the United States District Court in and for the Central District of California a true and correct copy of **DEFENDANTS' OPPOSITION TO GLENWOOD'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE OPINIONS OF DEFENSE EXPERT KIM JOSEPH ONISKO.**

5. Upon information and belief counsel for all known parties are registered participants of the CM/ECF system; therefore notice will be duly served by electronic mail to the following parties by and through their counsel of record at their email addresses as follows:

    Neyah Kane Bennett, Esq.  -  nkb@aetonlaw.com
    Edward D. Vaisbort, Esq.  -  vaisbort@litchfieldcavo.com
    Jamie O. Norman, Esq.  -  norman@litchfieldcavo.com

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

                                          */s/Michaël Fischer*