UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N. Kane Bennett<br>Edward Vaisbort | Michael Fischer<br>Brook Changala |

**Proceedings:** **DEFENDANTS' AND PLAINTIFF'S MOTIONS IN LIMINE**
(filed 4/23/2012)

## I. INTRODUCTION

Plaintiff Glenwood Systems, LLC, a national medical billing company based in Connecticut, brought the instant action against Venkatesan Thirugnanam and Senthil Sundaresan, two software engineers, over their formation of defendant Augment U.S., a business which Glenwood claims competed unfairly against it.[1] The background and facts are known to the parties and set forth in the Court's order dated May 15, 2012. Dkt. No. 225.

On April 23, 2012, defendants filed eleven motions in limine, and plaintiff filed five motions in limine. Plaintiff filed an ex parte application for leave to file a sixth motion in limine, which the Court granted by order dated May 16, 2012. The parties filed their respective oppositions on April 30, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

---

[1] At certain points in the briefing, Sundaresan's name is spelled "Sunderesan." The Court will use the former spelling for purposes of uniformity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

## II. DEFENDANTS' MOTIONS IN LIMINE

### A. Motion to Exclude Reference to, or Evidence of, Alleged Noncompete Agreement

Thirugnanam's alleged employment contract contains a noncompete clause that states, in part, the following:

> The Employee covenants and agrees that he shall not, directly or indirectly, for his own account or as agent, officer, director, consultant, servant or employee, or as shareholder of any company or member of any firm, engage or attempt to engage in the production, development, sale, distribution, solicitation or promotion of the sale or distribution of the Products or Services (as hereinafter defined) or solicit or call on any Client or Prospective Client (in each case as hereinafter defined) with respect to the Products or Services for a period of one (1) year following the termination of the Employee's employment hereunder (hereinafter referred to as "the Restriction Period"), whether such termination is voluntary or involuntary, within a 100 mile radius of Waterbury, CT and within any state of the United States in which the Company has sold its Products or Services during the one (1) year period immediately preceding the termination of the Employee's employment hereunder ("the Restricted Area"). The Employee recognizes that the business of the Company is national in scope and that such Restricted Area is in all respects appropriate under the circumstances.

FAC, Exh. A, at 21.

Defendants seek to exclude all reference to, or evidence of, the noncompete clause because covenants not to compete are unenforceable under California law. MIL 1, at 3. Thus, defendants assert that its introduction would only waste time and serve to confuse the jury. Id.

In opposition, plaintiff asserts that the Court should apply Florida law to the alleged employment contract because "nearly all" of Thirugnanam's work for plaintiff was completed in Florida. Opp'n to MIL 1, at 3. According to plaintiff, Florida law recognizes and enforces noncompetition agreements, as well as choice-of-law provisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

contained in contracts. Id. at 5. Here, the alleged employment contract contains a Connecticut choice-of-law provision. Plaintiff argues that under either Florida or Connecticut law, covenants not to compete are enforceable. Id. at 5–6.

By order dated May 15, 2012, the Court, applying California law, found that there was a triable issue of fact as to whether a written contract exists between plaintiff and Thirugnanam. See Dkt. No. 225, at 18. The Court rejected plaintiff's argument that Cal. Civ. Code § 1646 governed the choice-of-law analysis because there is no finding that a contract was formed, and therefore there is no contract to "interpret."[2]

However, should the jury find in favor of plaintiff and conclude that a contract exists, then it appears that § 1646 would apply to plaintiff's breach of contract claim only. Here, it is undisputed that Thirugnanam was solicited by plaintiff in India to work for Glenwood in Florida and thereafter completed nearly all of that work in Florida. Accordingly, if the jury concludes that a contract exists, it appears that Florida law would apply to its interpretation. See Cal. Civ. Code § 1646. At oral argument, counsel for defendants requested time to file a supplemental brief as to this issue. The Court granted the request and ordered defendants to submit a brief, not to exceed five pages, on or before June 4, 2012. The Court will order a reply brief if it is deemed necessary. The Court therefore reserves judgment on defendants' first motion in limine.

### B. Motion to Exclude Testimony of Dr. Rajalakshmi Kanakaraj

Defendants seek to exclude the testimony of Dr. Rajalakshmi on the ground that she was never disclosed as a potential witness in plaintiff's Rule 26 disclosures or in any other discovery response.

For the same reasons set forth in the Court's May 15, 2012 order striking the declaration of Dr. Rajalakshmi, the Court concludes that her testimony must also be

---

[2]Cal. Civ. Code § 1646 provides that "a contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

excluded. See Dkt. No. 225, at 15. Accordingly, defendants' motion to exclude Dr. Rajalakshmi's testimony is GRANTED.

### C. Motion to Exclude George Miller's Testimony Regarding Damages

Defendants seek to exclude plaintiff's damages expert, George Miller, because his opinions are based entirely on what he was told about Glenwood's finances by Glenwood president Loganathan and because he has no particular expertise in the medical billing industry. MIL 3, at 2–3. Defendants seek to exclude the following six opinions proffered by Miller:

- Miller's opinion that Glenwood's sales increased after Thirugnanam and Sundaresan were hired, and decreased after they left Glenwood to form defendant company Augment;

- Miller's opinion that defendants' conduct caused a decline in plaintiff's sales;

- Miller's opinion that the value of plaintiff's lost sales from March 2008 through December 2010 is between $3 and $3.5 million;

- Miller's opinion that plaintiff's lost profits are between $865,000 and $2.5 million;

- Miller's opinion that defendants' "unjust gains" from operating Augment amount to at least $1,683,729 in sales and $1,178,610 in profits; and

- Miller's opinion that the minimum damages incurred by Glenwood would be the defendants' salaries.

Id. at 3–4.

As an initial matter, the Court concludes that a Daubert hearing is not required because Miller is sufficiently qualified to serve as an expert witness and defendants do not challenge his methodology. With regard to his qualifications, Miller is the principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

and co-founder of Discovery Economics, Inc., an economic consulting firm; he holds an MBA degree and has thirty years of experience assisting clients with financial, economic, and accounting issues, including analyzing damages across numerous industries; and he has served as an expert witness on similar issues in state court, federal court, and arbitration proceedings. Declaration of George Miller ("Miller Decl.") ¶¶ 2–4. Accordingly, Miller is sufficiently qualified to offer an expert opinion regarding plaintiff's and defendants' companies' economics.

     Further, defendants do not challenge Miller's methods in reaching his opinions, but rather dispute some of the facts he relied on. However, these are issues for cross examination. See, e.g., Humetrix, Inc. v. Gemplus S.C.A., 268 F.3d 910, 919 (9th Cir. 2001) ("As to the reasonableness of the assumptions underlying the experts' lost profit analysis, criticisms of an expert's method of calculation [are] a matter for the jury's consideration in weighing that evidence. It is for the trier of fact to accept or reject this evidence, and this evidence not being inherently improbable provides a substantial basis for the trial court's award of lost profits."); see also Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 2010 U.S. Dist. Lexis 98224, at *31 (S.D. Cal. Sept. 20, 2010). Accordingly, the Court finds that all of Miller's anticipated testimony is admissible except for his opinion that defendants caused plaintiff's sales to decline. Although expert testimony concerning an ultimate issue is not per se improper, see, e.g., Shad v. Dean Wittier Reynolds, Inc., 799 F.2d 525, 529 (9th Cir. 1986); Fed. R. Evid. 704(a), "an expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law." Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) (emphasis in original); United States v. Duncan, 52 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original). Permitting Miller to opine that defendants caused the harm plaintiff alleges is an attempt to substitute his judgment for the jury's, and is therefore properly excluded.

     Accordingly, defendants' motion is GRANTED in part and DENIED in part. It is GRANTED as to Miller's anticipated testimony that defendants caused plaintiff's economic losses. It is DENIED as to the remaining anticipated testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

**D. Motion to Exclude George Miller's Testimony Regarding Glenwood's Cost and Profit Percentages**

In a similar vein as their third motion in limine, defendants seek to exclude Miller's testimony that Glenwood's costs are approximately 30 percent of its gross revenue, leaving a 70 percent profit margin. MIL 4, at 1. As discussed above, disputes as to facts upon which Miller relied in reaching his conclusion is an issue better left for cross-examination. Humetrix, 268 F.3d at 919. Accordingly, defendants' motion is DENIED.

**E. Motion to Exclude Undisclosed Documents and Witnesses**

Defendants move to exclude "any documents or witnesses not produced in discovery or identified in initial disclosures." MIL 5, at 4.

In opposition, plaintiff argues that defendants' motion is "overbroad and overly general" because "[a]ny documents that [d]efendants believe Glenwood should have produced could have been addressed via [a] Motion to Compel." Opp'n to MIL 5, at 2. Plaintiff asserts that motions in limine are meant to address specific objections to particular evidence, and do not encompass such broad relief as defendants seek. Id. at 3.

Pursuant to Local Rules 16-2.3 and 16-2.4, the parties are required to disclose all exhibits to be used and all witnesses to be called at trial to one another prior to submitting their final pretrial conference order. Local Rules 16-5 and 16-6.1 require the parties to submit to the Court joint lists of all witnesses and exhibits to be used at trial. Defendants' motion to secure a sweeping order that all undisclosed witnesses and exhibits should be excluded ignores the parties' obligations under the local rules. Accordingly, defendants' motion is DENIED without prejudice to making specific objections to undisclosed documents and witnesses at trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

**F. Motion to Exclude the Unsigned Employment Agreement and References Thereto**

Defendants move to exclude introduction at trial of the unsigned employment agreement attached to the FAC and any reference to its terms on the grounds that it would violate the best evidence rule and the statute of frauds and, separately, that it lacks foundation and is hearsay. MIL 6, at 1. According to defendants, plaintiff may not rely on its assertion that Thirugnanam was the last person to possess a signed version of the alleged employment contract because plaintiff did not avail itself of the discovery rules at its disposal, such as moving to compel production of the document. Id. at 5. Moreover, defendants assert that California's statute of frauds bars admission of an unsigned document containing a covenant not to compete . Id. at 5–6. Finally, defendants argue that the unsigned document is inadmissible hearsay because it is offered to prove the truth of an "allegedly executed but unproduced employment agreement" and does not satisfy the business exception to the hearsay rule because plaintiff cannot establish its foundational requirements. Id. at 6–7.

In opposition, plaintiff asserts that whether Thirugnanam signed the alleged employment agreement is a question of fact for the jury and that Fed. R. Evid. 1004 allows for the admission of a writing if the original is lost or destroyed. Opp'n to MIL 6, at 1, 4. According to plaintiff, Loganathan drafted the employment agreement and therefore has personal knowledge to testify that the unsigned document is the same as the allegedly signed document. Id. at 5. Moreover, plaintiff argues that the applicability of the parol evidence rule may have a bearing on the validity of the contract language but does not render the document inadmissible. Id. at 6.

Fed. R. Evid. 1004 states that:

An original is not required and other evidence of the content of a writing . . . is admissible if:

(a) all the originals are lost or destroyed, and not by the proponent acting in bad faith; [or] . . .

Case 2:10-cv-08910-CAS-AJW   Document 232   Filed 05/21/12   Page 8 of 20   Page ID
 #:4360

 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

(c) the party against whom the original would be offered had control of the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing[.]

Here, plaintiff has consistently maintained that Thirugnanam was the last person to possess a signed copy of the alleged employment agreement and has failed to produce it throughout the proceedings. Further, Loganathan has stated that he drafted the contract at issue and therefore has personal knowledge of its contents. Because the Court concluded that there is a triable issue as to the existence and enforceability of the alleged employment contract, plaintiff shall be permitted to introduce a purported copy of it at trial to demonstrate that a contract was entered into. Fed. R. Evid. 1004. Accordingly, defendants' motion is DENIED.

### G.     Motion to Exclude Evidence of Thirugnanam's Immigration Status and Process

Defendants anticipate that plaintiff will attempt to admit immigration paperwork Thirugnanam allegedly gave to the Murthy Law Firm in connection with his visa application. Defendants seek to exclude this evidence because its admission would "tap into a reservoir of xenophobia, general distrust of the 'Near East[,]' and resentment over the perception that U.S. technical jobs are being outsourced to individuals of Indian and Pakistani descent." MIL 7, at 3. Moreover, according to defendants, the "one page of the immigration papers that has any relevance to this case is still unsigned and un-initialed," meaning it offers "no evidence of assent to any contract" and further "provides no clues regarding whether it was actually ever sent to the Murthy Law Firm." Id. at 3–4. Finally, defendants assert that the document has not been authenticated by the Murthy Law Firm, plaintiff, or Thirugnanam, and is separately inadmissible on that ground. Id. at 4.

In opposition, plaintiff asserts that admission of the document presents no unfair prejudice because all parties to this action, including Glenwood's president Loganathan, are of Indian descent. Opp'n to MIL 7, at 2. Further, plaintiff asserts that Thirugnanam's immigration documentation "was topped with a cover page verifying that all of the including documents were either photocopies of originals or the originals themselves." Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

As discussed in its May 15, 2012 order granting in part and denying in part defendants' motion for summary judgment, the Court finds that evidence of Thirugnanam's immigration documentation is relevant insofar as it suggests Thirugnanam had knowledge of and assented to the alleged employment contract. See Dkt. No. 225, at 18. This evidence's probative value is not substantially outweighed by the danger of unfair prejudice, especially in light of the fact that all parties to this litigation are of the same ethnic descent. Defendants' motion is therefore DENIED.

### H. Motion to Exclude Evidence of, or Reference to, Defendants' Solicitation of Existing Glenwood Customers

Defendants argue that, because this Court granted their motion for summary judgment as to plaintiff's interference with existing contractual relations claim, plaintiff should be precluded from introducing any evidence of, or making any reference to, defendants' solicitation of existing Glenwood clients on the ground that any such evidence lacks relevance. MIL 8, at 1.

In opposition, plaintiff argues that "contrary to the Court's factual findings in the Tentative Ruling, Glenwood was in contractual relationships with several clients at the time [d]efendants were interfering and soliciting." Opp'n to MIL 8, at 2. Thus, plaintiff argues that defendants' motion should be denied. Id. at 6.

As stated in the Court's May 15, 2012 order, defendants are entitled to summary judgment as to plaintiff's claim of interference with existing contractual relations. See Dkt. No. 225, at 20 n.12. Accordingly, plaintiff is not entitled to present any evidence of, or reference to, defendants' alleged solicitation of existing Glenwood customers. Defendants' motion is therefore GRANTED.

### I. Motion to Exclude Nonparty Witnesses From Courtroom When Not Testifying

Defendants move to exclude all nonparty witnesses from the courtroom when they are not testifying. MIL 9, at 1. Plaintiff does not object to excluding any fact witness, but does request the right to have its expert economist, George Miller, present. Opp'n to MIL 9, at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

It is the Court's custom to exclude nonparty witnesses from the courtroom when not testifying. Accordingly, defendants' motion is GRANTED. The parties' expert witnesses will be permitted to remain in the courtroom.

### J.   Motion to Exclude Plaintiff From Claiming Punitive Damages

Defendants move to exclude plaintiff from claiming punitive damages at trial because plaintiff's Connecticut unfair trade practices act claim is the only claim "under which Glenwood has claimed punitive damages" and the Court tentatively dismissed that claim in its summary judgment ruling. MIL 10, at 2.

In opposition, plaintiff asserts that "punitive damages are awardable for the breach of loyalty [and] intentional interference with existing and prospective economic advantage" claims, both of which withstood summary judgment. Opp'n to MIL 10, at 2. Thus, according to plaintiff, the motion "seeks a premature ruling on an issue of damages" that is properly left for the jury. Id. at 5–6.

Cal. Civ. Code § 3294 states that "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, the plaintiff, in addition to actual damages, may recover damages for the sake of example and by way of punishing the defendant." Accordingly, punitive damages are available for plaintiff's breach of loyalty and intentional interference with prospective economic advantage claims, and plaintiff prayed for punitive damages in the FAC. Defendants' motion is therefore DENIED.

### K.   Motion to Exclude Reference to, or Evidence of, Defendants' Liability Insurance and Declaratory Relief Action

Defendants seek to exclude evidence of defendants' pending liability insurance and declaratory relief action between defendants and their insurer. MIL 11, at 1. Plaintiff does not oppose this motion. Accordingly, defendants' motion is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

### III. PLAINTIFF'S MOTIONS IN LIMINE

#### A. Motion to Exclude Opinion of Kim Joseph Onisko

Defendants disclosed Onisko as an expert rebuttal witness following plaintiff's disclosure of George Miller as its economic expert. Plaintiff moves to exclude Onisko's rebuttal opinions as to (1) plaintiff's lost profits, and (2) defendants' profits and compensation.[3] As to the first category, Onisko's anticipated testimony is that "[i]f it is determined that damages are owed to [p]laintiff, the report of Mr. Miller should be disregarded due to basic flaws in its methodology." See Expert Report of Kim Joseph Onisko, at 2. Onisko relies on seven bases for his opinion. Plaintiff objects to three of those bases, arguing that they constitute "his own personal opinions that were not properly disclosed as opinions" and "fail to meet the threshold requirements of relevance and reliability under Daubert or they constitute opinions on matters reserved for the jury." Pl. MIL 1, at 2. Specifically, plaintiff seeks to exclude the following three bases upon which Onisko relies in formulating his opinion that Miller's expert report is flawed:

- "It appears that no client lists, technology, trade secrets or proprietary materials were taken by [Thirugnanam] and [Sundaresan] to their new company, Augment. Affidavits by various doctors also suggest that [Thirugnanam] and [Sundaresan] kept their Augment business separate from that of Glenwood." (Basis 1 of 7.)

- "Glenwood ignored [its] obligation to mitigate damages by not timely hiring replacements for [Thirugnanam] and [Sundaresan] so damages calculated in [its] territories after November 2008 are flawed." (Basis 4 of 7.)

- "The report [offered by Miller] uses a variable cost percentage of 30% . . . Costs of goods sold, of company's in similar businesses, are 41% to 47% . . . A realistic profit percentage to assess damages would be 10% of the gross

---

[3]Defendants do not seek to elicit testimony from Onisko regarding defendants' profits and compensation. Opp'n to Pl. MIL 1, at 2. Accordingly, plaintiff's motion is DENIED as moot as to that category of anticipated testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

revenue that was generated by the domestic operation of Augment." (Basis 7 of 7.)

Expert Report of Kim Joseph Onisko, at 2–5.

Plaintiff argues that bases 1 and 4 "represent personal opinions on the ultimate issues in this case that are properly reserved for the jury." Pl. MIL 1, at 2. Further, plaintiff asserts that basis 7 "does not meet the threshold requirements of relevance and reliability" because Onisko "did not consider any statements or information from Augment's management to determine if 10% is an accurate number" and instead "relied upon data from two unrelated, publicly traded companies." Id. at 3.

In opposition, defendants argue that Onisko, as an expert, "may offer opinions that encompass ultimate issues." Opp'n to Pl. MIL 1, at 4. Further, defendants contend that Onisko's duty as a rebuttal witness is to "point out errors" in Miller's report and opinions, which he does so by applying his twenty-plus years of experience as an accountant and in the field of medical finances, his numerous economic accreditations, and his "considerable schooling" to "more than satisfy" the Daubert standard. Id. at 5.

As an initial matter, the Court finds that there is no need for a Daubert hearing because Onisko is qualified to testify in this case. Onisko is a certified public accountant and certified forensic accountant, is accredited in business valuations, and is certified in financial forensics. See Expert Report of Onisko, Exhs. B and C. Further, Onisko has twenty years of experience in the medical finances field, having done everything from accounting system setups, reconciliation of medical billings, audits of medical bills, and day-to-day accounting for medical practices and companies. See Fischer Decl., ¶ 5, Exh. C. Finally, Onisko has provided expert testimony in approximately twenty-eight state and federal cases. Accordingly, he is qualified to offer an expert opinion on the economic methods utilized by plaintiff's expert Miller. This encompasses Onisko's anticipated testimony regarding Miller's calculation of plaintiff's alleged lost profits. Plaintiff is, of course, entitled to cross examine Oniska on the methods he used in forming his opinion. See Daubert v. Merrel Dow Pharm, Inc., 509 U.S. 579, 595 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

However, certain of Oniska's anticipated testimony must be excluded as improperly invading the province of the jury. Specifically, Oniska shall not be permitted to opine about whether defendants misappropriated plaintiff's trade secrets or other proprietary information. E.g., Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law.") (emphasis in original); United States v. Duncan, 52 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original). Further, Oniska shall not be permitted to opine about plaintiff's alleged failure to mitigate damages, as that question is more appropriately addressed by way of cross examination of plaintiff's expert Miller.

In accordance with the foregoing, plaintiff's motion is GRANTED in part and DENIED in part. It is GRANTED as to Oniska's anticipated testimony regarding defendants' specific conduct and whether plaintiff failed to mitigate damages. It is DENIED as to Oniska's opinion that Miller's methodology in determining plaintiff's lost profits is flawed.

### B. Motion to Exclude Opinion of L. Lamar Blount

Defendants disclosed L. Lamar Blount as an industry expert. Blount is expected to testify that Glenwood's business model of outsourcing its medical billing to India is not unique. Plaintiff seeks to exclude the following opinions proffered by Blount:

- "The evidence reviewed clearly demonstrates that Glenwood's business model is commonly used in the medical billing industry."

- "No evidence supports any claim that Glenwood's business model is unique."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

- "No evidence supports any claim that any Glenwood confidential and proprietary information, methods, products, services and combinations thereof have been used by Venkatesan Thirugnanam, Senthil Sundaresan, Augment LLC, or Augment [India]."

See Expert Report of L. Lamar Blount, at 5.

    Plaintiff asserts that Blount is not qualified to provide his opinions "given his lack of knowledge of the medical billing field and related areas." Pl. MIL 2, at 1–2. According to plaintiff, Blount's opinions are based in large part on research he conducted on the Internet, as well as his comparisons between certain companies and Glenwood without knowing if those companies are competitors of Glenwood. Id. at 2. Further, plaintiff asserts that Blount "did not know what markets" Glenwood operates in, "what size [medical] practices" either Glenwood or Augment support, "or whether they provide services for specialty practices." Id. Thus, plaintiff argues that Blount is not qualified as an expert because he "utilized no methodology other than his own subjective opinions based on a selective review of evidence." Id. at 6.

    Defendants assert that Blount is more than qualified to serve as an expert. Opp'n to Pl. MIL 2, at 3. Further, defendants argue that whether Blount knew the number of employees employed by Glenwood and Augment, knew how much they were paid, knew about any protected trade secrets, or knew whether defendants breached their duties to Glenwood "simply have no bearing on whether Glenwood's business model of outsourcing to India and ASP computer-based services is unique." Id. at 4.

    The Court finds that Blount is qualified to testify as an expert in this case. Blount has served as an expert in the medical billing field and has testified regarding medical billing issues in state and federal courts for nearly 40 years. Expert Report of L. Lamar Blount, at 2. Further, Blount is a fellow of the Healthcare Financial Management Association, is a certified healthcare financial professional, is a certified public accountant, is certified in financial forensics, and is the founder and president of Health Law Network. Id. Moreover, Blount has audited financial statements, provided consulting work, and provided litigation support to more than 500 healthcare clients, including publicly traded national healthcare organizations, multi-hospital groups, individual hospitals, physician groups, health insurance companies, managed care

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

organizations, and governmental agencies. Id. Finally, Blount coauthored "Managing the Reimbursement Process," an American Medical Association book that has been used by nationwide medical practices. Id.

The Court also concludes that Blount's methodology of comparing Glenwood with other medical billing companies that maintain overseas operations to conclude that many of these companies "use a U.S.-based front office for sales and much of their customer service, with a foreign-based company or office to which it contracts out much or all of the data processing" is a sound analytical method that will assist the jury in understanding the relatively complex issue of medical billing practices. Accordingly, Blount may testify that Glenwood's business model is commonly used in the medical billing industry and that there is, in his opinion, no evidence that Glenwood's business model is unique. Plaintiff may, of course, cross-examine Blount to attack his opinions. See Daubert v. Merrel Dow Pharm, Inc., 509 U.S. 579, 595 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

However, Blount may not testify that no evidence supports plaintiff's claim that defendants misappropriated Glenwood's confidential and proprietary information, methods, products, services, and combinations thereof. Such opinions invade the province of the jury and must be excluded. E.g., Elsayed Mukhtar v. California State University, Hayward, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002) ("[A]n expert witness cannot give an opinion as to her *legal conclusion, i.e.,* an opinion on an ultimate issue of law.") (emphasis in original); United States v. Duncan, 52 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.") (emphasis in original).

Accordingly, plaintiff's motion is GRANTED in part and DENIED in part. It is GRANTED as to Blount's anticipated testimony that defendants did not misappropriate or otherwise use Glenwood's confidential and proprietary information. It is DENIED as to Blount's testimony that Glenwood's business model is not unique.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

    **C.**    **Motion to Preclude Testimony of Witnesses Hassan Alkhouli, M.D., Ghazwa Ramo, and Gail Flaum**

    Plaintiff seeks to preclude the testimony of witnesses Hassan Alkhouli, M.D., Ghazwa Ramo, and Gail Flaum, as well as any other representative from Dr. Eugene Flaum's office or Pathway Medical group, on the ground that these witnesses either evaded service of deposition subpoenas or failed to appear for their noticed depositions. Pl. MIL 3, at ii. According to plaintiff, each of the above witnesses signed an affidavit in support of defendants' motion for summary judgment, and thereafter "either evaded service . . . until the discovery cutoff period expired, or accepted service and subsequently refused to attend their deposition." Id. at 1. Plaintiff argues that all of the witnesses should be precluded from testifying under Rule 403 and Fed. R. Civ. P. 37(b)(2) because plaintiff "was not afforded the opportunity to obtain their deposition testimony during the factual discovery period." Id. at 5.

    In opposition, defendants argue that these "key" witnesses should be permitted to testify because (1) plaintiff was on notice of these witnesses yet waited sixteen and nineteen months (depending on the witness) to notice the depositions; (2) the proffered certificates of nonappearance were taken after the discovery cutoff; and (3) defendants "are not shown to be in any way at fault for [p]laintiff's failure to timely take the depositions." Opp'n to Pl. MIL 3, at 2. Separately, defendants argue that Rule 37(b)(2) applies to a party's failure to appear for a deposition, and not to third party depositions. Id. Instead, according to defendants, plaintiff should have sought a contempt order, which it did not do. Id. at 3. Finally, defendants contend that plaintiff has not articulated how the relevance of these witnesses' testimony is substantially outweighed by the danger of unfair prejudice. Id. at 5.

    For three reasons, the Court concludes that the witnesses should be permitted to testify. First, plaintiff's original complaint, filed in Connecticut on March 11, 2010, identifies Pathway Medical Group as a major customer allegedly wrongfully solicited by defendants. See Fischer Decl. ¶ 3, Exh. A at ¶¶ 53–54. Defendants filed declarations from Dr. Flaum and Dr. Hassan Alkhouli (from Pathway) in support of their original motion dismiss in July 2010. Id. ¶ 4, Exhs B and C. Moreover, defendants identified Pathway and the Office of Dr. Eugene Flaum in their Rule 26(a) disclosures in February 2011 as witnesses who had knowledge about the timing and nature of defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

contacts with them and the circumstances under which they contracted for defendants' services. Id. ¶ 5, Exh. D. Despite this, plaintiff waited between sixteen and nineteen months—until the proverbial eve of discovery cutoff—to notice the depositions for witnesses from the Office of Dr. Flaum and Pathway. Plaintiff does not explain its delay in seeking to depose these witnesses, and its lack of diligence weighs against excluding the witnesses' testimony at trial.

Second, after the witnesses allegedly failed to appear for their depositions, plaintiff did not avail itself of any potential relief from the Court, such as seeking a contempt order. Instead, plaintiff waited to file the instant motion seeking to exclude the testimony of each and every witness from the Office of Dr. Flaum and Pathway. Again, plaintiff's lack of diligence weighs against excluding the witnesses' testimony.

Finally, plaintiff's argument that the testimony, if permitted, would be unfairly prejudicial under Rule 403 is unpersuasive. Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of . . . needless presentation of cumulative evidence." Fed. R. Evid. 403. Here, the witnesses plaintiff seeks to exclude are key witnesses to support defendants' assertion that they did not breach, among other things, their duty of loyalty to Glenwood. As such, the witnesses' testimony is highly probative. Plaintiff has not demonstrated that the danger of unfair prejudice would substantially outweigh the testimony's highly probative value.

Accordingly, plaintiff's motion is DENIED.

**D. Motion to Preclude Evidence or Testimony Regarding Augment India's President Ram Prassath**

In a similar vein as its third motion in limine, plaintiff seeks to preclude evidence related to Augment India and the testimony of Augment India's president Ram Prassath on the ground that Prassath failed to appear for his November 11, 2011 deposition. Pl. MIL 4, at ii. Thus, plaintiff contends exclusion is warranted under Rules 403 and 37(b)(2). Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

    In opposition, defendants argue that the deposition notice at issue seeks the deposition of Prassath in his individual capacity pursuant to Fed. R. Civ. P. 45, and not as a representative of Augment India. Opp'n to Pl. MIL 4, at 2. As such, defendants argue that plaintiff was required to subpoena Prassath if it wished to compel his attendance. Id. Defendants contend that they alerted plaintiff of this defect in the deposition notice but plaintiff did not rectify it. Id. at 3. Accordingly, defendants assert that there is no proper basis for plaintiff to seek the exclusion of Prassath's testimony. Id. at 4–5. Finally, defendants argue that equity weighs against plaintiff's claim of prejudice. Id.

    The Court concludes that Prassath should be permitted to testify. Plaintiff's notice of deposition is for "the deposition of Ram Prassath on November 11, 2011" and cites Fed. R. Civ. P. 45. See Pl. MIL 4, Exh. B at 1. The plain terms of the notice of deposition therefore demonstrates that plaintiff was not seeking the deposition of defendant Augment India or Prassath in his representative capacity as president of Augment India—which would be governed by Fed. R. Civ. P. 30—but rather plaintiff sought the deposition of Prassath as a nonparty individual. Soon after receiving plaintiff's notice of deposition, defendants notified plaintiff of the fact that Prassath is an individual living in India who is not a party to this litigation, and that plaintiff therefore was obligated to comply with Rule 45's subpoena and notice requirements. Fischer Decl. ¶ 3, Exh. A; Rule 45(a)(1)(A)(iv). Plaintiff failed to satisfy either requirement. Moreover, because Prassath is a foreign national, plaintiff was obligated to comply with the additional requirements of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, to which India is a signatory. Plaintiff has not demonstrated that it even attempted to comply with those requirements. Instead, plaintiff simply issued a notice of deposition for a nonparty foreign citizen to appear in California within 17 days from its notice. This is insufficient to compel Prassath to appear. For this reason, and for the reasons set forth above in connection with plaintiff's third motion in limine, Prassath's nonappearance does not provide plaintiff a basis for excluding his trial testimony.

    Accordingly, plaintiff's motion is DENIED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

### E. Motion to Limit Defendants to Three Peremptory Challenges

Plaintiff's fifth motion seeks an order limiting defendants to three peremptory challenges. Defendants do not oppose this motion. Plaintiff's motion is therefore GRANTED.

### F. Motion to Preclude Evidence or Mention of Immigration-Related Documentation Signed by Loganathan

Plaintiff's sixth motion seeks to exclude the introduction of three immigration-related documents. The first is a letter sent to immigration officials in 2007 from the principal of L-Cube Innovative Solutions, Inc. (the U.S.-based company to which Glenwood outsources certain work) stating that Sundaresan is a full-time employee at L-Cube; the second is a 2007 letter from Loganathan stating that Thirugnanam is a full-time employee at Glenwood; and the third is a 2008 letter from Loganathan also stating that Thirgunanam is a full-time employee of Glenwood. Plaintiff, borrowing a phrase from defendants' similar seventh motion in limine, contends that introduction of the documentation "may well tap into a reservoir of xenophobia, general distrust of the 'Near East[,]' and resentment over the perception that U.S. technical jobs are being outsourced to individuals of Indian and Pakistani descent." Pl. MIL 6, at 6. Thus, plaintiff argues that the probative value of the letters is substantially outweighed by their prejudicial effect.

As stated above in connection with defendants' seventh motion, the alleged prejudicial effect of this evidence is limited by the fact that all parties to this litigation are of the same ethnic descent. Plaintiff has not demonstrated why the Court should exclude the introduction of these documents before trial. Accordingly, plaintiff's motion is DENIED subject to being renewed at trial.

## IV. CONCLUSION

In accordance with the foregoing, defendants' second, eighth, ninth, and eleventh motions in limine are GRANTED. Defendants' fourth, fifth, sixth, seventh, and tenth motions in limine are DENIED. Defendants' third motion in limine is GRANTED in part and DENIED in part. The Court reserves judgment on defendants' first motion in limine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-8910 CAS (AJWx) | Date | May 21, 2012 |
|---|---|---|---|
| Title | GLENWOOD SYSTEMS, LLC v. VENKATESAN THIRUGNANAM, ET AL. | | |

Plaintiff's fifth motion in limine is GRANTED. Plaintiff's third, fourth, and sixth motions in limine are DENIED. Plaintiff's first and second motions in limine are GRANTED in part and DENIED in part.

IT IS SO ORDERED.

|  |  | 00 | : | 14 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |